UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-2839-DMG (SKx)** | Date | October 27, 2023 |
| Title | ***Debra Debbie Remmers v. Keith Davis, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 17, 2023, the Court issued its Order re Defendants' Motion to Dismiss. [Doc. # 78.] In response, on August 7, 2023, Plaintiff Debra "Debbie" Remmers filed a document titled "Statement that She Will Not Be Filing a Third Amended Complaint; Further Statement That the State Law Claims Should Not Be Dismissed Due to Diversity Jurisdiction." [Doc. # 80 ("Notice").] The Court construed this Notice as a motion for reconsideration [Doc. # 81], and Defendants filed an Opposition on August 28, 2023. [Doc. # 82.] In Remmers' Notice, she argues that the Court improperly disregarded her allegations in support of diversity jurisdiction. Notice at 2.

In her operative Second Amended Complaint ("SAC"), however, she does not properly allege diversity jurisdiction. Under 28 U.S.C. section 1332(a)(2), the Court has original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy exceeds $75,000. Limited liability companies and partnerships are citizens of every state or country in which their owners, members, or partners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Remmers has not properly alleged the citizenship of one of the remaining Defendants in the case, nebula9 Spirits, LLC ("nebula9"). In her Notice, she notes nebula9's principal place of business and state of incorporation but does not affirmatively allege the citizenship of its members. *See* Notice at 2–4. Her allegations also state that Defendant Roger Grant may be a citizen of California, which would destroy diversity. Her Notice asserts—without evidence—that he now resides solely in Nevada. *Id.* at 4.

Remmers is therefore ordered to show cause ("OSC") in writing by no later than **November 10, 2023** why this action should not be remanded to the Los Angeles County Superior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-2839-DMG (SKx)** | Date | October 27, 2023 |
|---|---|---|---|
| Title | ***Debra Debbie Remmers v. Keith Davis, et al.*** | Page | 2 of 2 |

Court for lack of subject matter jurisdiction.[1]  Defendants may file a response, if any, by **November 17, 2023**.  Neither of these filings shall exceed five pages.  Thereafter, the matter will stand submitted.

**IT IS SO ORDERED**.

---

[1] Defendants also raise in their Opposition that Remmers' pleaded damages solely relate to her now-dismissed federal claim and argue that she has not met her burden on the amount-in-controversy.  Opp. at 4.  In various other allegations, however, she clearly pleads a loss amount that exceeds $75,000, and the amount of compensatory damages that she seeks.  *See, e.g.*, SAC ¶¶ 212, 214, 217.  Remmers' allegations satisfy section 1332's amount-in-controversy requirement.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2016) (plaintiffs filing in federal court meet section 1332's requirements if it is not "a legal certainty" that claims are worth less than jurisdictional amount).